**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DAVID C. EVERETT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **3:06-cv-00047 (VLB)** |
| **NEFCO CORP.,** | : | |
| **Defendant.** | : | **October 9, 2007** |

**MEMORANDUM OF DECISION**
**ON MOTIONS FOR SUMMARY JUDGMENT [Docs. #22, 24]**

**This is an action for payment of retirement benefits. The plaintiff, David C. Everett, claims that the defendant, Nefco Corp. ("Nefco"), breached its contract to pay him a total of $50,000 in retirement benefits. Everett and Nefco have each filed a motion for summary judgment. For the reasons given below, Everett's motion [Doc. #22] is DENIED and Nefco's motion [Doc. #24] is GRANTED.**

**Everett began working for Nefco as a salesman in 1977. In 1987, Nefco agreed to pay Everett retirement benefits of $10,000 per year for ten years if he satisfied three conditions: (1) remaining employed by Nefco until he reached the age of 65 in 2011; (2) serving as a consultant to Nefco during his retirement; and (3) refraining from competing with Nefco within a 150-mile radius of Hartford, Connecticut. In 1992, Nefco amended the agreement to provide Everett retirement benefits of $5,000 per year for ten years if Nefco terminated his employment between 1996 and 2001.**

**At the end of 1997, Nefco terminated Everett's employment. Approximately**

**three months later, Everett began working for Newman Associates, a competitor of Nefco located within 150 miles of Hartford. Everett decided to end his employment with Newman Associates soon thereafter. It was not until 2005 that Everett sought to collect retirement benefits from Nefco, which declined to pay because Everett had worked for a competitor in violation of the third condition of the 1987 agreement.**

**Everett then filed this action in Connecticut Superior Court, alleging breach of contract. Nefco removed the case to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and claiming that the parties' agreement is subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 <u>et seq.</u> Everett subsequently amended his complaint to allege that Nefco had violated ERISA. Thereafter, Everett and Nefco each filed a motion for summary judgment. Nefco argues that it is entitled to summary judgment because Everett failed to satisfy the third condition of the 1987 agreement, precluding him from collecting the retirement benefits. Although Everett concedes that he violated the third condition of the 1987 agreement, he argues that he is entitled to summary judgment because that condition is unenforceable.**

**The Court first considers whether ERISA actually governs the parties' agreement. Pursuant to 29 U.S.C. § 1003(a), ERISA governs "any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce or in any industry or activity affecting commerce . . . ." According to 29 U.S.C. § 1002(2)(A), an "employee pension benefit plan" is "any plan, fund, or**

**program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—(i) provides retirement income to employees . . . ."**

**"[A] plan, fund, or program under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Guilbert v. Gardner, 480 F.3d 140, 146 (2d Cir. 2007) (quoting Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir. 1994)). "[I]t is possible for a one-person arrangement to qualify as an ERISA plan. Certainly, the plain language of ERISA in no way excludes from coverage those situations in which only one employee is extended benefits." Cvelbar v. CBI Illinois Inc., 106 F.3d 1368, 1376 (7th Cir. 1997).**

**In the present case, the Court concludes that Nefco's agreement with Everett is governed by ERISA because the broad test in Guilbert v. Gardner, supra, is satisfied. The intended benefits were $5,000 per year for ten years, Everett was the beneficiary, Nefco was the source of the payments, and Nefco was to pay Everett annually. Therefore, Nefco established an ERISA plan when it agreed to pay Everett retirement benefits.**

**The Court next turns to the motions for summary judgment. Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no**

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Fed. R. Civ. P. 56(c). Because there is no dispute that Everett violated the third condition of the 1987 agreement by working for a competitor, the only remaining issue is whether that condition is enforceable. "The Supreme Court has repeatedly indicated that courts should determine 'rights and obligations' under ERISA plans by developing a body of federal common law. . . . In interpreting plan terms for purposes of claims . . . we apply a federal common law of contract, informed both by general principles of contract law and by ERISA's purposes as manifested in its specific provisions." Dobson v. Hartford Financial Services Group, Inc., 389 F.3d 386, 399 (2d Cir. 2004).

"Federal cases draw a distinction between provisions that prevent an employee from working for a competitor and those that call for a forfeiture of certain benefits should he do so." Tatom v. Ameritech Corp., 305 F.3d 737, 744 (7th Cir. 2002). "[U]nlike a covenant not to compete, a forfeiture of benefits clause does not prevent an employee from working in a specific field. Instead, it exacts a certain cost on the employee for exercising his right to compete. . . . [F]orfeiture provisions, unlike covenants not to compete, do not threaten one's ability to earn a livelihood." Spitz v. Berlin Industries, Inc., Docket No. 93 C 6355, 1994 WL 194051, at *3 (N.D. Ill. May 13, 1994).

A forfeiture for competition provision is allowed in a "top hat" plan, which ERISA defines as "a plan which is unfunded and is maintained by an employer

**primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees . . . ." 29 U.S.C. § 1051(2). "Top hat plans are exempt from many provisions of ERISA, including the participation and vesting, funding, and fiduciary responsibility requirements . . . ." Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 217 (2d Cir. 2006).**

**The Court concludes that Nefco's agreement with Everett constitutes a "top hat" plan. Because forfeiture for competition provisions are allowed in "top hat" plans, and the provision in Nefco's agreement with Everett is reasonable, the provision is enforceable. Accordingly, Everett's motion for summary judgment [Doc. #22] is DENIED. Nefco's motion for summary judgment [Doc. #24] is GRANTED. The Clerk is directed to CLOSE this case.**

**IT IS SO ORDERED.**

**/s/**
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: October 9, 2007.**